appellate uh three different attorneys for each appellate uh and then uh is it Faulconer? Faulconer. Faulconer? Uh Faulconer, your honor. Faulconer. All right. Uh representing uh the government uh we're going to begin with for Herman Sanders Mr. Brian Walker. Thank you, your honor. May it please the court um uh Brian I'll begin with a uh recitation of kind of the facts and a little bit of an overview of some of the procedural posture and then I'll get into specifically the idea and the jurisprudence on constructive amendment and variances. Um this is a case what's not necessarily a sex trafficking case in the sense of what most people would think of sex trafficking. The allegations in this case were really that there were pimps if you will um prostituting women which some of them happen to be underage. My client was not really a part of that organization. There's no factual uh there's nothing in the facts that say that he was actually doing business in this way. Um he was a friend or an acquaintance with one of the individuals who's also a co-defendant who asked him to basically spend time with two of these girls on a particular day and he in fact did so. Um uh at trial uh I was the actual trial lawyer and so I cross-examined these two females these two individuals and asked them if they actually lied to my client and told them they were 18 years old and they they did and they even admitted that they showed them fake IDs and so my client thought that he was spending time with two adult women um and at some point in that time he was asked to take photos of them and took photos of them and that's why he was charged with these two uh counts that brings us here today. One of them then was acquitted one of them he was convicted on. The the real issue with my client is the statute that he was charged under require is not a it's basically a strict liability offense. It does not require that the government prove a mental state as far as knowledge goes. However, my client was in charge. Mr. Walker, are you talking about 2251? Yes, right. Okay now correct me if you tell me is there any center requirement you have to prove it I understand that you don't have to prove knowledge of the age but do you have to prove some knowledge of something doesn't say that your honor um I don't believe uh that the word knowingly is used in statute that that if I if I go back to it and the government actually does a good job of laying out a chart about what language is necessary um in their briefs uh under the statute and then what's what was in the actual indictment and then what was in the ultimate jury charge um but if you look at the statutory language in 2251 of page 39 of their brief it says it simply just says employees persuade induce in five course etc um and there's no knowingly word in the statute and it's been sometimes it's actually looked at the whole statute but I don't believe judge that the word knowingly is in there at all okay I'll ask I'll ask the government about that thank you thank you your honor um and so the statute that's the deal but but the problem is that he was indicted with a knowingly requirement and then the trial counsel for the government realized he had a problem at trial when I got his his his victims to testify that they lied to my client about their age and even showed him a fake id um and so it was at that point that they tried to shift gears and say well wait a second we we want to get rid of this knowingly requirement um because if we don't we're gonna lose we're gonna get poured out um and so uh there's a question about whether or not this is a constructive amendment we believe there is if it is it's reversible per se and if it's not a constructive amendment it would be a variance which actually requires a harm analysis I want to hit really quickly on this the government acts like there's no harm in this instance and I'll tell you not only was there legal harm but it was it was harmful in fact um and it's harmful in fact because it was a real notice prop our whole defense and this is manifest on the record um was based on the idea that there was a knowingly requirement that they were going to have to prove that up but the government was able to be able to to relieve themselves of that burden with one fell swoop of the pen um it was a notice problem they were relieved significantly of their burden of proof and we know that there was harm because the other count which was count nine uh which was the other statute um that did require knowingly and they were charged unknowingly my plot was acquitted us so it was one of the few times in my trial practice where I saw the jury specifically follow the law and they acquitted them of knowingly and and ultimately convicted them of this strict liability type offense why is it a constructive amendment well the sterone case um the u.s supreme court case page 11 of my brief it basically says in a roundabout way your honors that um the grand jury's right to delineate uh the charge and the elements and the burden everything else is sacrosanct um this court in the griffin case says beyond that the jury instructions and statements by the government cannot broaden the indictment cannot broaden the indictment in this case the prosecutor was allowed to prove their case with a much less significant burden of proof than what the grand jury could put forward um that is a serious problem that is the biggest problem with what took place in this matter but there's no but there's no question but that your client violated the statute I agree with that your honor I do agree with that um but but tell me how is he prejudiced now other than you say notice well not only no in terms of notice was that a prejudicial error such that would require the reversal of the conviction well as far as notice that if I can expand on that our whole defense and our whole strategy was tailored to this notion that they had to prove that and and it's not my job to create the indictment of defense authority it's my job to look at the indictment and and decide how to defend that indictment and it would change substantially had that not been the case but furthermore how would it change substantially your well your honor I I'm not sure uh one we would have even gone to trial he may have pled guilty there's all sorts of issues but a good second place furthermore the way that I I interviewed guilty and he was found guilty where's the prejudice sure I'm sorry your honor where where where is the prejudice if he would have pled guilty and he was found guilty what is the difference I mean that that wouldn't necessarily be right I agree your honor but I I I things would have been much different the way I would have interviewed witnesses we know we got we know we got 320 months uh for that conviction we don't know what he would have gotten out of a plea deal do we no no we don't your honor all right and and and beyond that um it's not just that your honor I would say I mean we can see in this instance there were two counts one that does require the government to prove knowingly um and it in in in that was charged to the jury and the jury found my client not guilty of that charge the time has expired okay thank you your honor Mr. Jones yes your honor uh may I please the court Preston Jones for appellate to Marcus Davis um my issue is the same as what uh Mr. Helms issue with Mr. Legrone is that we believe our clients should have been severed from each other I hope I'm not speaking out of turn on that um but page 17 of government's to defects in the indictment are waived if not raised before trial or at the earliest opportunity and the government was playing a shell game with the indictment that they amended the indictment two days before trial and the indictment filed two months before trial had alleged a conspiracy while the one filed at trial did not and if they did not want a day of trial objection they should have not been fought should not have been filing this meeting is being recorded trial and the district court did not state that the motion to sever was untimely and it wasn't so the standard review for that is de novo but subject to the harmless error review and the government stated on page 19 of their brief that joinder is proper when facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense however the government has provided no such facts the list of purported facts on page 20 of the government brief does not provide a single fact that must have been proven in both cases similar methods against the same victim are not such facts as an analogy many people commit tax fraud every year on april 15th against the same victim the u.s government by similar methods and means should irs agents be able to lump five or six tax fraud cases together so they can condone or condense their trial loads how about if the same bank is robbed by two rival bank robbers on separate days by the similar method and means okay let me ask you whether you properly preserve the error um i've thought mr one of the parties uh i believe that my quiet error was preserved by uh mr legron's uh client of motioning for or mr legron motioning for the severance and it being denied i don't see why my client would have to separately motion for that severance well because he's a separate time that's why it's for the same severance your honor but for different reasons i mean for different reasons i'm just uh i wanted to know ultimately where is the actual prejudice and what do we mean by actual prejudice because clearly uh the evidence was uh and i wonder whether you can establish actual prejudice or if you view it under the plain error analysis whether you can succeed in that area in that under that analysis as well uh your honor yes i i believe that the the presence of six jane does and all of the additional evidence that came in that that would have been litigated pre-trial if the case was severed so the trial would be entirely different and it's possible they could have limited out even the existence of mr legron there's there's no way of knowing for certain what evidence would and wouldn't have gotten in but the repetition of having so many uh victims are you know mentioned and this other whole conspiracy that had nothing to do with my client was very damaging to his case you know i can't say what a jury would have done in particular but it isn't the standard actual presence across the prejudice and not speculative prejudice uh but it's actual prejudice to him where did he suffer suffer a wrong that was actually um prejudicial to him it was actually prejudicial to him that the entirety of legron's conspiracy was even mentioned in his case because he had nothing to do with it he was the the government proved clearly and substantially that he was guilty of the charges with which he uh or the uh charges that were made against him in the indictment and so i mean the actual prejudice was not like he was innocent or that he might have proved his innocence otherwise as i would as i would understand the record before us i'll let you handle that um you're on i i can't say for certain 100 certain that he would have proved himself innocent um but the you know the case was right right and but the you know jane doe too wasn't a perfect witness she had many issues with credibility that were mentioned by nobody nobody in this case was in school teachers i mean yes your honor thank you counsel your time is expired thank you honor mr helms thank you your honor may it please the court my name is john helms and i represent appellate pierre legron um the reason we're here is because my client's right to a fair trial was denied because the government couldn't figure out its case until right before trial um i think what that last minute amendment uh on which my client was arraigned right before jury selection i think that was clearly caused because the government's theory throughout the case was that this was one giant conspiracy and then i think when they started talking to their witnesses to get ready for trial all of a sudden they figured out it's not the way we thought it and so then they're faced with this what do we do now we have a brady problem because we've got the facts all messed up our theory is messed up and we've got an indictment problem so i think what they tried to do is they tried to amend the indictment right before trial but sort of downplay the significance of it and as a result try and sort of slide by because by that point the district court had said there's not going to be any continuances and so if they had been completely forthcoming and said our theory of the case has been changed 180 degrees that could have resulted in a continuance and a very angry district court judge and i think that if they had realized that long before this would have been separate but the judge the trial court judge and the defense and arguably even one of the prosecutors didn't really realize what was happening until a full day into trial when one of the prosecutors p.j mydal says there is no conspiracy and that's why we didn't get a severance because this didn't become apparent until we got into trial and the government finally says there is no conspiracy between demarcus davis and mr lebron or mr sanders and that's why that's why we're here i'd like to address judge jolly's question about actual prejudice um first of all i think it's important to keep in mind that when you're dealing with a review of rule eight the standard is not whether there was sufficient evidence for a conviction the standard is whether there is prejudice you can have sufficient evidence to hold up on appeal for a conviction and prejudice because a jury could have found someone not guilty under the sufficiency standard or they could have found someone guilty from my client there was substantial actual prejudice um for one thing um now this is a review is this review for a plain error because you failed to make a timely objection with respect to miss jordan um i don't believe it is for plain error your honor i think our objection was timely um the amended rule uh 20 says that um you have to make it by the time the uh objection or the facts showing the objection are reasonably available and i think the record shows that and then whoa whoa whoa whoa well i mean i thought this thing had been going on quite a while and you had about three or four superseding indictments and all of it but the facts essentially had not changed government's theory apparently was changed but it was not changed too much where they as far as you have in fact what what facts were you surprised by uh that prevented you from making this uh more timely it actually was not a legal theory change it was a factual change throughout the course of the case the government's theory was that mr lebron and mr sanders and mr uh demarcus davis had factually conspired together and were in one conspiracy together it was only with this third superseding indictment that that was changed and they didn't make it clear that there was no conspiracy until after there had been witness testimony in the case so there was an actual factual change and even the district court as we cited in the brief even the district court didn't seem to understand that because they did it in such a subtle way but so i i think it didn't become readily apparent until trial because all up until that time they had said these people factually are conspiring together and only with the third superseding indictment did they say they were actually not and and that's why and it was the government not i think understanding the facts of their own case and that's why i say as a former prosecutor i'm pretty sure what happened was they started interviewing the witnesses to get ready for trial and realized uh-oh they didn't all conspire together they actually were separate and that's why they amended it but to your question about prejudice um i set out what i believe is actual prejudice in the brief but i want to amplify the third point i make which is the obstruction of justice and the holdover in that what happened was before jane go to testified um jane go to is put in the same cell with all the defendants why i don't know that should have never happened but it did and she testified about how they there was pressure she felt being put on her to change her story or lie or something and the government tried to make it seem like it was all the defendants and even the probation officer in the pre-sentence report thought that it was or gave my client two points for obstruction but when the district court reviewed the transcript at the sentencing hearing he agreed with the objection that mr lagrone was not even part of it so the the testimony at trial tried to indicate that my client was involved in trying to get a of course suggest guilt but he wasn't and i think that's extreme prejudice but the courtenous case that i cited in the brief shows that you can have actual prejudice from a severance through things like the violence that mr davis committed and the spillover effect on the client thank you thank you mr hill miss falconer uh good morning diana and uh may it please the court emily falconer for the united states um i'll begin with the um the issue of the joinder and severance on under rule eight just to address a couple of points that have been raised um the big one being that the government's theory of the case with respect to demarcus davis and pierre lagrone did not change um throughout this proceeding it certainly did not change on the eve of trial and there was certainly not 180 degree change um you have the first superseding indictment um which was from january of 2018 um and that was and then you have another superseding indictment and you have a few i mean what you have here initially charged with a big conspiracy charge though didn't you you did the conspiracy charge you said there was your theory had not changed at all it seems to me would have if you did not prosecute him for conspiracy when you had earlier invited him to that sure your honor um in the beginning there was a big conspiracy charge um that it did evolve over time i mean you had a lot of people charged at some point um more than 10 people were charged in the sex traffic conspiracy um and what you see happening is that um as is very common in large conspiracy cases is that you see uh defendants dropping off that count because they pled guilty because they've agreed to cooperate with the government when someone cooperates um the nature of the facts um you know becomes more apparent once we have an insider kind of explaining how things were working but even the first superseding indictment and i'm gonna uh that is on page um that's on page 128 of the record that in january 18th 2018 um the conspiracy count specifically mentions that yes you have a conspiracy here but some of these players were at times in violent competition with each other over victims and that's exactly what you find in the third superseding indictment with respect to demarcus davis and pierre legron now that point is more specifically highlighted in the third superseding indictment and the reason for that um is that by that point those are the last two men standing um everybody else has pled guilty herman sanders was initially part of that conspiracy count um he drops off because he had already to that sex trafficking conspiracy so when you only have those two standing um yes those two arrivals and that part was highlighted in the indictment and you see the conspiracy count dropped with respect to demarcus davis and the government proceeds against him only on the substantive count against jane doe number two but um there's no change of the theory as to these two defendants um this is just an evolution and you know i would i would use the analogy of like a big drug conspiracy where you may have not everybody has to know every other person in the conspiracy not everyone has to have an agreement with every other person in the conspiracy um but proceeding to trial as to those two who were specifically rivals on a conspiracy count did not make sense on the trial and so that is what happened with the third superseding indictment um one other point with respect to that being a late breaking change um demarcus davis the reason why the government superseded um at the time that it did is that you had two of these defendants who had either pled guilty or announced their attention to plead guilty um herman sanders had pled guilty you know mr walker mentions that there was nothing in the record about him being involved with the sex trafficking conspiracy he pled guilty to that we have a in this record and wherein he pled guilty to that conspiracy um demarcus davis had an announcement intention to plead guilty he signed a factual resume that's also in the record and and both of them were intending to cooperate with the government um that changed their mind and did not plead guilty at the last minute so i mean this isn't this isn't an issue of the government i mean what mr hums is saying is not accurate that the government just didn't figure this case out until the last minute um in addition it's also not correct that um anyone learned about this after trial began the superseding indictment um the third superseding indictment was um was filed with the court on i believe it was may 20 i mean march 20th or march 21st which was a couple of days before trial began um in addition uh mr helms has invoked some uh some facts outside the record with respect to what the notice was i mean the government is happy to address that point their work with communications outside the record that would show um but that it was this was not a surprise to happen at the end of trial um but i don't think we need to go beyond the record to see that they had notice of this before trial um and one other point i would make about that is that um there was no that there wasn't preserved at all i mean you know the the argument that mr hums is making about um it wasn't clear until witness testimony began there was no challenge to this join during the indictment at any time um and we cite a case in our brief this court has held that a motion to sever is not sufficient to preserve an indictment defect under rule eight those separate separate issues an indictment defect is a pleading defect and it has to be specifically raised um so while there's an argument albeit one we disagree with for the reasons i just explained that potentially the seven that we we agree that the severance issue was preserved but um but a motion to sever quite simply can't preserve an indictment defect that was never raised it was never a challenge to uh to the join during the indictment in addition um there has been no showing as we discussed in our brief of any specific and it's not just prejudice to davis and the groan is specific and compelling prejudice that is not cannot be cured uh through anything else including jury instruction um which is just that showing hasn't been made here so um the court has no more questions about the joinder issues and severance issues i will go to constructive amendment just to address a few points uh that um with respect to herman sanders um this is not a constructive amendment this court's precedent is extremely clear that if an indictment contains all of the elements of an offense the offense in the instructed on um and that is this court's case law in griffin um we also have the supreme court's case decision in miller saying that as long as well nobody's arguing though miss falcons that this indictment doesn't contain all of the elements of the offense that's not the argument is it the argument is that it contains more than the elements of the effect so we as we wrote in our brief runner we disagree that um that it's not clear that the knowingly the word knowingly in the indictment referred to knowledge of the victim's ages but even if that's the case this course had this court has held repeatedly um that the government can't undertake to prove can put something in the indictment as long as it's not an element of the crime the jury is ultimately instructed on um and that that can be dropped that either surplusage um or it is at most a variance where it's included in the indictment as an element of the offense you're not saying it's just kind of thrown in as something extra and it and nobody should nobody should look at it nobody should be guided by it's an indictment it tells the defendant what he's being charged with and for the indictment to include as an element knowingly and then for the court to be able to say well we're going to give an instruction which extracts that element correctly under the statute um and so your argument is it's not a constructive amendment i'm this is us being benefited it says the constructive amendment occurs when it permits the defendant to be convicted upon a factual basis that on a materially different theory or set of facts than that which he was charged that's what it says and i don't know how how you could argue it doesn't broaden uh what can what the consequences to be what the outcomes to be what the results to be but this is defendant when under the indictment he could only be convicted if he knew the age but then under the jury charge he convicted he could be convicted if he knew them or if he didn't so where you had just one category where he could be convicted now there are two categories he could know and be convicted he could not know and be convicted i don't know how that doesn't equal a constructive amendment so i'm open to hearing what you have to say to convince me of that so two reasons your honor one is that um is that the idea of being convicted on the alternative basis um so this court's decision in griffin um the court says the defendant cannot be convicted on an alternative basis that is allowed permitted by the statute um it's undisputed here that this is this statute with respect to knowledge of the victim's ages is a law for more than 20 years it's clear in the pattern jury instruction um it wasn't clear to the person who prepared the indictment been there for more than 20 years but it wasn't clear to the person prepare the indictment because they tossed it in so your honor it's it's the purpose of of mr walker's prejudice argument here or he claims doesn't have to show prejudice um it was clear from the beginning um he has to show prejudice he has 320 months for that conviction you don't think that's prejudice uh i no he's not prejudiced here garner because for two reasons number one he um he actually had announced his intention to plead guilty to a lesser offense we have been pleading guilty um early in the case um so back in january he announced intent to plead guilty to a much much lesser offense of sex trafficking not even enhanced for children and not proceed under the um the child pornography counts um if you if you cooperate um mr sanders decided at the last minute that he would not um was not going to cooperate after all and did have to then uh face those additional counts that were charged in the indictment um but so no he's not prejudiced um by his own decision i want to say your explanation about him not taking the preview how is that evidence that he wasn't prejudiced so um by by choosing to go to trial on a strict liability offense well it wasn't a strict liability offense under the terms of the government what he knew when he went to trial is that the government was going to be required to prove that he knew the agent he also knew or at least had reasonable had a reasonable basis for expecting that the testimony coming from jane those two and four was going to be that they lied to him about their ages that they provided him with a fake id and so that at all times relevant to this case he didn't know their age that was going to be his defense with regard to the government's indictment that he had to know and so i can't imagine that he didn't take that into account when he decided whether or not he was going to try to take a plea deal i can't understand how that's some evidence that he wasn't prejudiced by the fact that the government gets to amend the indictment at the end of the trial so your honor i mean we disagree with that i mean mr walker may claim it's factually inaccurate um that he had no idea how the government was going to charge his defense um so we will be permitted we'll file a motion to be permitted to supplement the record but um ausa the trial ausa here um emailed in january i have a copy of this email emailed mr walker a copy of the pattern jury charge the same thing that the jury was instructed on this is january 5th of 2018 before mr say this decided to plead guilty um so it's showing you know the exact way that the jury was charged here um there are multiple communications i have multiple emails showing that um it was clear that the government was intending to proceed would would charge these as charging the pattern um there was no surprise you said that the government would charge as you mean at the case sorry that the jury would submit the jury charge yes your honor that the jury's not charged till the end of the case correct but he also circulated um you know before trial um circulated um amongst all the parties received i mean there was a um an agreed proposed agreed jury charge so there was no surprise to mr walker um or mr sanders defense team that the government's intent was to submit the pattern jury charge to the court and that that is what the jury should be instructed on this is something that the government notified defense counsel of repeatedly and i mean to the extent that that is the court's largest concern is that he had no notice um that he never had noticed that this is how the jury would be instructed um we would be permitted to um to supplement the record with communications indicating that that was absolutely not the case and in fact that is exactly why and we believe that let me just ask a question um thanks so i'm looking at count eight of the indictment that's the 2251 count correct and i'm looking at the word knowingly that's put before employee use persuade induce entice or coerce now i pulled up the statute and the statute doesn't have the word knowingly in front of those words so is it just a mistake or is your view that knowingly is supposed to refer to some other kind of knowledge because there is another knowledge that's required to be proven the statute but what what is your i wasn't i did not draft the indictment so again i can't um you know not being a mind reader but what the uh what the a was saying the draft of the indictment told the court was that his view this is in the record this is in our brief uh was it his view was that the word knowingly there did not refer to the verbs that followed it in a sort of plain language construction i'm sorry what is it supposed to refer to then the word the verbs that follow it knowingly employed knowingly enticed knowingly um and that's exactly what when the district court asked us the trial prosecutor the same question uh that was the response given um was that that's why and in addition another response we gave that this is this is commonly the way that this offense is charged um the government is your case law from our court of the supreme court requiring that to be proved a no knowingly employing using no words separately from the age of the victim that so so the question is about that i'm trying to figure out what knowing what work knowingly is doing um the argument thought that the person who dropped the indictment uh told told the um and that you know so knowingly employed you know it's not a natural you know there's certainly when when it comes to statutory interpretation maybe some presumptions about where uh where a term of standard might apply let me just ask you this is there no argument whatsoever on part of the government that the knowingly word refers to if you read down in the statute about eight lines down it says if such person knows or has reason to know that such visual depiction will be transported transmitted etc etc so that sounds like a knowledge requirement is the government making any argument hasn't made any argument that the knowingly thing refers to some other kind of knowledge right uh the yes i mean it's that uh what what they might argue at the trial is that when he was drafting that knowingly referred to um the purpose you know the purpose of the statute so no you know there does have to be knowledge as to the um as to the transmission piece so if i look in the record i'll find that that argument was made below um the argument that he made um and we cite this in our brief what he told the district court okay um i think there's a discussion of kind of what the government what the government's view was on including that in the indictment which was not to apply a knowledge requirement to to the victim's ages and um that the idea that there was some kind of surprise about this to to the defense that that um the government was not going to undertake well the indictment obviously lists with 2251 as the the statute that he's been charged under correct correct and is there any case that has ever held that you that that that this is not a strict liability crime no no there's never been a case um it's in the pattern jury instruction has been it's been clearly established law for over 20 years and there's no reason why um and just a couple others want to make one other point about prejudice here um the idea that oh we we um we might apply guilty i mean number one he did he was going to have those charges against him dropped if he had known and i believe um that's because they did know that he had no defense to that additionally um defense counsel absolutely did consider defense on other elements um he argued in his closing argument that um the government did not prove the purpose element that's um page 1456 of the record um suggested that even despite having signed a factual resume to the contrary which the jury did not know about um stood up in closing argument and said that maybe he did not actually take the videos um he actually wasn't the one who took the videos um argued that one final question miss falconer if we found that it is actually a constructive amendment to the indictment is there a prejudice inquiry that we're supposed to do or just not as to an actual constructive amendment but this but if it's a constructive amendment it's per se reversible isn't it if that is what the court finds yes but um so um we would ask the court to um to affirm the conviction in all respects and um thank you all right thank you counsel thanks rebuttal mr uh walker now you're muted you you there you go thank you your honor um the government's cases that they cite to say that this is not a constructive amendment are on page 45 of their brief and they mentioned them here today and it's very important to point out that these cases pertain to facts facts facts allegations that are unnecessary to an offense and then the case law the case from this court says not to prove all facts well this isn't a fact this is a culpable mental state this is the mens rea and and the significant aspect of allowing the prosecution to believe that their burden of proof uh one fell swoop of the pen um is is is the main problem here i hear what you're saying mr walker i hear what you're saying let me just ask you this you get an indictment you're being right their word knowingly is there it's not in the statute why would but why would a lawyer advising your clients think that there was the government just decided okay i'm going to put a mens rea requirement and the indictment that actually isn't in the statute and that nobody ever thought was in the statute well help me with that well your honor um i'm not at the time i thought they made a mistake it was clear that they were playing uh loose and fast and kind of changing things on the fly and and i don't think they realized that that was in there and it should have been but as a good defense attorney i'm not going to bring it to their attention i'm going to go to trial and make them meet their burden and then they were able to just change their burden like that because um they realized they had a problem okay and it's true if i may one thing that mr talker said about this timing thing i did get an email mid-trial that told that had the proposed jury charge and he took out the word knowingly after he realized it was a problem and he immediately brought it to the court's attention and yes we had conferences on this issue before the jury got charged um as soon as i knew that they realized their problem and were changing their whole mens rea and and their whole burden of proof i brought it to the not an issue these days um because even the government are you saying that the government had the word knowingly in the jury charge that they submitted no your honor no they sent in their proposed email that they sent over to me they had gotten rid of it and as soon as i saw that i knew we had a problem and i brought it to the court's attention the next morning all right your time has expired counsel thank you mr jones yes your honor uh before you begin we have a motion in this case from your client demarcus davis that says that he wants us to hold this appeal in advance uh to relieve you as his attorney and to give him an opportunity to hire another attorney he alleged that you've not met with him you've not talked to him and uh you can't possibly prepare an adequate defense when you've not communicated with what do you say to that oh your honor i have spoken with him on the phone several times before uh filing the brief and i did tell them what i planned to file before i filed it and that's you know that's basically all i can say without getting into uh yeah i'm not you had met with him and you had talked to him i've spoken with him on the phone i haven't met with him in person because i i live in kent city he's in fort worth uh and but i have spoke with him several times on the phone and he didn't request an in-person meeting and i hadn't received any letters from him until this most recent one that went to the court all right you may proceed uh your honor i'll just say that this uh not severing the case has had a substantial effect on my client's case and he ended up getting life uh that's quite a prejudice to end up with a life sentence uh but he's basically you know just the the fact that they were able to talk about all of this other conspiracy that he had no part of was had a spillover effect that i believe greatly damaged his case and that and i'll concede the rest of my time to mr helms if he would like it all right mr hell thanks your honor um on this issue of um whether there was a conspiracy and a change right before trial it's clear that there was although frankly after listening to the government's argument i'm not sure where whether the government's appellate council claims that demarcus davis and pierre legron were in a conspiracy or not but up until the morning of trial they were and then there was this new indictment and that new indictment made a change but as is clear from the record even the district court and one of the prosecutors didn't realize that on page six of my reply brief um i quote from page uh 40 60 of the record where there is an objection to evidence dealing with demarcus davis um and that's and it has to do with um specifically violence by mr davis and mr lebron's trial counsel objects and the response is that the overall conspiracy involves the same victim meaning jane doe too so she's saying right there that in trial she's arguing to the district court that they are in a conspiracy but then on page seven of the reply brief i quote from page 42 43 of the record to 42 44 and this is this watershed moment and there is an objection to more evidence about mr davis by mr lebron's trial counsel and the trial court judge is asking about the co-conspirator exception to the hearsay rule and the court asks and what is your response uh to this doesn't relate to mr lebron nor is it part of the conspiracy for 801 d and the government says and this is pj myle the lead prosecutor he says there is no conspiracy your honor this is evidence against mr davis we have no problem with an instruction to the jury at this point so factually they were making they had completely changed their theory they were not conspiring together they were separate and they only did that right before trial and it wasn't even apparent to the trial judge and to one of the uh one of the trial lawyers for the government that they were doing that the lead lawyer did and that's where he makes it clear at the end of the first day of thank you all very much we're going to take this matter under advisement and prepare to call the next day